# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *TAMIKA GILBERT*,     Plaintiff, | ) ) ) |
| *v.* | ) ) |
| *DYNAMIC RECOVERY SOLUTIONS L.L.C.*,     Defendant. | ) ) |

## COMPLAINT

Plaintiff Tamika Gilbert, by her counsel, Paúl Camarena, respectfully complains as follows:

## Introduction.

1) The Fair Debt Collection Practices Act prohibits debt collectors from placing telephone calls without meaningfully disclosing their identity and causing a phone to ring with the intent to annoy. In the case at bar, Debt Collector-Defendant Dynamic Recovery Solutions LLC placed calls from South Carolina, but caused a local phone number to appear on Ms. Tamika Gilbert's caller I.D. system. After Ms. Gilbert's phone has rang and she has answered, Defendant Dynamic Recovery Solutions has simply disconnected without making any statement at all. Thus, Defendant Dynamic Recovery placed calls without meaningfully disclosing its identity and with no intent, other than to annoy. Hence, Defendant Dynamic Recovery violated the FDCPA.

## Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because this case arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events and omissions giving rise to this action occurred within the Eastern

Division.

## Parties.

3) Plaintiff Tamika Gilbert is a "consumer" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(3); and Tamika Gilbert resides within the Eastern Division.

4) Defendant Dynamic Recovery Solutions L.L.C. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6).

5) Defendant Dynamic Recovery Solutions LLC is also a Limited Liability Company organized in the State of South Carolina and authorized to transact business in Illinois.

## Factual Allegations.

6) Like millions of other Americans, Tamika Gilbert has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts.

7) Upon information and belief, Debt Collector-Defendant Dynamic Recovery Solutions LLC eventually began managing some of Ms. Gilbert's consumer debt accounts.

8) Defendant Dynamic Recovery Solutions LLC places telephone calls from South Carolina.

9) However, Defendant Dynamic Recovery Solutions causes a local telephone number to appear on Ms. Gilbert's phone caller identification system, so as to fool her into believing that a relative or friend is calling her.

10) On at least one occasion when Defendant Dynamic Recovery caused a local telephone number to appear on Ms. Gilbert's phone caller I.D. system, she did believe that a relative or friend was calling, and she answered that call. (Had a South Carolina phone number appeared on Ms. Gilbert's phone caller I.D, she would have assumed that the caller was a telemarketer or a

debt collector and she would not have answered that call.)

11) After Ms. Gilbert answered that telephone call, Defendant Dynamic Recovery simply disconnected that call without making any statement at all.

12) Ms. Gilbert was concerned that the caller may have been a relative or a friend calling from a hospital emergency room, from a police booking desk, or from the side of an expressway. Thus, Ms. Gilbert used her time to call back, only to learn that the caller was actually Defendant Dynamic Recovery. (Had Defendant Dynamic Recovery used a South Carolina phone number, had the Defendant otherwise disclosed its identify, or had the Defendant explained its reason for calling, Ms. Gilbert would not have called back.)

## Causes of Action.

### Count One (15 U.S.C. § 1692d(5)).

13) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring ... repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

14) Defendant Dynamic Recovery violated Subsection 1692d(5) by causing Ms. Gilbert's telephone to ring only to hang up on her and on her voice mail, without making any statement at all.

### Count Two (15 U.S.C. § 1692d(6)).

15) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(6) specifically prohibits "the placement of telephone

calls without meaningful disclosure of the caller's identity." "Plaintiff alleges that Defendant hung up either prior to or as soon as Plaintiff [ ] or Plaintiff's voice mail answered the call. Accordingly, if, as Plaintiff claims, Defendant called Plaintiff and hung up the phone, common sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity,' as required by § 1692d(6)." *Sussman v. I.C. Sys. Inc.*, 928 F. Supp. 2d 784, 794 (S.D.N.Y. 2013) (internal quotations and citations omitted). "Plaintiff further contends that defendant violated FDCPA section 1692d(6) … by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers. If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)." *Langdon v. Credit Mgmt., L.P.*, 2010 WL 3341860, *2 (N.D.CA. 2010) (internal quotations omitted).

16) Defendant Dynamic Recovery violated Subsection 1692d(6) by placing telephone calls to Ms. Gilbert and hanging up on her and on her voice mail, without making any statement at all.

Count Three  (15 U.S.C. § 1692e).

17) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means."

18) Defendant Dynamic Recovery violated Section 1692e by using misleading and deceptive (albeit not false) representations and means by placing telephone calls from South Carolina while causing a local phone number to appear on Ms. Gilbert's caller I.D. system, so as to fool her into believing that a relative or friend was calling her.

Count Four  (15 U.S.C. § 1692e).

19) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means." Subsection

1692e(11) specifically prohibits "the failure to disclose in [ ] communications that the communication is from a debt collector."

20)     Defendant Dynamic Recovery violated Subsection 1692e(11) by having a local telephone number appear on Ms. Gilbert's phone caller I.D. system, causing her to answer that call, and then hanging up on her, without making any statement at all.

### Prayer for Relief.

WHEREFORE, Tamika Gilbert respectfully prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Dynamic Recovery) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,
Plaintiff's, Tamika Gilbert's, Counsel
North & Sedgwick, L.L.C.
by:     */s/ Paúl Camarena*
Paúl Camarena, Esq.
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494